1  Gail Bennett-Wofford
   Dana Wofford
2  Mark Bennett
   c/o 3345 Lakeshore Blvd., #14.
3  Lakeport, California 95453
   (707) 275-2758 (v)
4
   email: dgwofford@netzero.com
5
   Plaintiffs *in pro se*
6

**FILED**

JUN - 2 2015

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT IF CALIFORNIA

10               SAN FRANCISCO DIVISION

**CV 15 2445**

11
   Gail Bennett-Wofford, Dana Wofford
12 and Mark Wofford, all individuals,
13              Plaintiffs
14     vs.
15 BAYVIEW LOAN SERVICING, LLC, a
   Delaware limited liability company, and
16 DOES 1-20, inclusive,
17              Defendants.
18 _____

Complaint for Breach of Contract,

Fraud, Mail Fraud, Deceit,

And Unfair Business Practices

Jury Trial Requested

**NJV**

**(PR)**

19 Plaintiffs, Gail Bennett-Wofford, Dana Wofford and Mark Bennett allege as

20 follows:

21                      **PARTIES**

22     1.    Gail Bennett-Wofford, Dana Wofford and Mark Bennett

23 (hereinafter Plaintiffs) are individuals and owners of real property located at

24 3344 and 3345 Lakeshore Blvd., Lakeport, California, Lake County,

25 (hereinafter the property)

26     2.    Plaintiffs are informed and believe that defendant Bayview

27 Loan Servicing, LLC (hereinafter Bayview or defendant) is an active limited

28 liability company formed in the State of Delaware, with its principal place of

-1-

1 business at 4425 Ponce de Leon Blvd., 4th fl., Coral Gables, Florida.
2 Plaintiffs are informed and believe that the defendant is engaged in the
3 business of residential mortgage lending, and services accounts both in
4 California and nationwide.

5      3.     Plaintiffs are ignorant of the true names and capacities of
6 defendant DOES 1-20, inclusive, and thus sues the defendants by their
7 fictitious identities. Plaintiffs will amend this Complaint to include their
8 proper names and capacities as they are ascertained.

9      4.     Plaintiffs are informed and believe and on that basis complain
10 that at all times herein alleged, defendants including the DOES, and each
11 of them, were agents, servants, alter egos, and/or employees of their co-
12 defendants, and in doing those things complained of were acting within the
13 scope of their authority as agents, servants and employees of their co-
14 defendants.

15 **JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

16      5.     Jurisdiction is proper under diversity of citizenship, pursuant to
17 28 U.S.C. § 1332. The amount in controversy, exclusive of costs and
18 interest, exceeds $75, 000.00.

19      6.     Defendant is a limited liability company with its principal place
20 of business in Coral Gables, Florida. At all relevant times, defendant was
21 doing business in the State of California.

22      7.     The breaches complained of and the injuries Plaintiffs allege
23 they have suffered occurred in Lake County California, in the Northern
24 District, and assignment to the San Francisco Division is therefore proper,
25 per Local Rule 3-2, (c) and (d).

26 **STATEMENT OF PREVIOUS LITIGATION INVOLVING THE SAME**
27 **PARTIES, THE SAME ISSUES, THE SAME RESULTS**

28      8.     California's 1994 "Three Strikes Law" was an attempt by the

1  voters to stem the tide of violent crime by locking up repeat offenders and
2  "throwing away the key." This, of course, is a civil matter but if ever there
3  were a case in desperate need of a "Three Strikes Law" for non violent,
4  though arguably criminal behavior, this is it. If ever there were a defendant
5  more richly deserving than Bayview, we have yet to hear.
6      In the interests of brevity, clarity and judicial economy, Plaintiffs have
7  elected to incorporate the two previous complaints, along with the
8  settlement agreements wherein Bayview tacitly acknowledges serial
9  wrongdoing of precisely the same misdeeds, against the same Plaintiffs,
10  as alleged here.
11      Stated differently, the allegations set forth in Case No. CV 09 6016
12  JCS (Exhibit 1) and its subsequent settlement agreement (Exhibit 2; CV 12
13  4167 NJV (Exhibit 3), and its subsequent settlement agreement (Exhibit 4)
14  are precisely the acts complained of in this third litigation. As hard as it
15  may be to believe, Bayview has twice before done wrong, paid the
16  Plaintiffs' attorney fees, and agreed to cease and desist without, of course,
17  actually admitting responsibility. So egregiously arrogant was this
18  corporation that they actually threatened foreclosure while in the midst of
19  negotiating a settlement agreement in 2013
20      And yet, here we are again...
21              **GENERAL ALLEGATIONS-THE INSTANT CASE**
22  9.    The terms and conditions of the loan require that the monthly
23  payments of $3,297.53 are due on the 12th day of each month, with a ten
24  day grace period until the 22nd of the month, at which point a 6% late
25  charge would apply. That calculates to $197.85 per delinquency. See
26  attached Installment Note, Page 1, ¶ 4. Exhibit 5.
27  10    The situation is this: Having been burned before and from an
28  abundance of caution, Plaintiffs have made it a practice to meet the

-3-

1   monthly mortgage demands with wire transfers, in the expectation that all
2   controversies over timeliness and amounts received could be quelled with
3   the  issuance of a wire transfer transmittal slip showing the date, time and
4   amount transferred and received.

5       11.    The most recent "late fee" scam and acceleration of the loan
6   arose on or about March 13th 2014 following a returned check for
7   insufficient funds drawn by Plaintiffs, who then hurriedly made a payment
8   via wire transfer on March 20th 2014, well within time of the terms of the
9   note. However, on or about April 2nd 2014 their bank notified them that the
10  wire transfer to Bayview had been returned to their account. This was
11  followed by a Notice of Default dated March 28th 2014 and a Delinquency
12  Notice claiming that March's payment was past due and that a late fee and
13  a corporate advance had been added; the total due was now $6197.93.
14  Plaintiffs then called their former attorney to address this issue.  After
15  several phone calls to Bayview's attorney, the defendant finally accepted
16  payment and removed the delinquency status of the loan.  But it was truly a
17  case of *"deja vu all over again."*

18      Bayview had continued its foreclosure proceedings even through
19  litigation proceedings in 2013 by sending Delinquency Notices and then
20  Notice of Defaults *via* certified mail. Even as late as February 7th 2013,
21  right before settlement on February 22nd 2013, Bayview was sending
22  Notices of Default.

23      The settlement executed on February 22nd 2013 required Bayview to
24  immediately cancel any and all forced placed policies of insurance on the
25  property, as well as to establish a "customary documentation system for
26  payment of the monthly loan obligations so that the Plaintiffs would  no
27  longer have to rely on wire transferring the monthly loan payments to
28

-4-

1  Bayview – They agreed to drop the foreclosure action, all forced placed
2  insurance policies and fees, to restore the mortgage status to "paid as
3  agreed," and to pay Plaintiff's attorney fees. The case was dismissed on
4  March 11th 2013.

5
6  However, right after the parties had signed the settlement
   agreement on February 25th 2013, Bayview issued yet another
7
   "Delinquency Notice" claiming Plaintiffs were past due $5616.93!!! This
8
   included the regular payment amount of $3297.53 with added charges and
9  fees in the amount of $2319.40.
10

11  Then on March 13th 2013 Bayview issued a check to Plaintiff Mark
12  Bennett in the amount of $3391.15, which happens to be the same amount
13  that is reflected on Bayview's April 25[th]2013 billing statement for "Insurance
14  Paid to Date." This check was deposited in Bennett's account on March
15  26th 2013. Two days later, Bayview stopped payment on the check. No
16  explanation was offered.

17  Just 2 months after settlement, Bayview's April 25th 2013 monthly
18  billing statement claimed the payment amount owed was $6792.91. This
19  billing statement claimed an amount due of $3391.18 for insurance along
20  with a $197.85 late fee and a "Corporate Advance Fee" of $2824.60.
21

22  On April 29th 2013 Bayview sent a "Notice of Default" claiming a past
23  due amount of $6319.98. Plaintiffs continued to make the regular monthly
24  mortgage payments even though Bayview had egregiously breached the
25  latest settlement agreement. Even the following month on May 24th 2013
26  Bayview's monthly Billing Statement reflected a late payment fee in the
27  amount of $17.85.

28  At their attorney's admonition, Plaintiffs continued to give Bayview an

-5-

1 opportunity to straighten out their accounting, which they seemed to do
2 with the exception of the untimely billing statements.

3    12.    More recently, September's payment was made on October 9th
4 2014 in the amount of $3297.53 via wire transfer including a late payment
5 fee of $197.85. Plaintiffs then made October's payment timely on October
6 12th 2014, via wire transfer. Then on or about 10/27/15, Plaintiffs received
7 a statement showing the payment due for November as $3495.38, instead
8 of the regular payment of $3297.53. This appears to have been an attempt
9 by Bayview to collect an additional unauthorized late fee of $197.85, for
10 September, even though it had already been paid. Bayview also added an
11 unauthorized "Corporate Advance Fee" of $2504.70.

12    13.    Even though Plaintiffs continued to make timely mortgage
13 payments, on or about the 27th of November they received a "Delinquency
14 Notice" dated 11-25-14, stating that the payment had been past due since
15 November 12th and now included additional charges and fees of $2900.40,
16 along with the regular payment of $3297.53, for a total of $6,197.93.

17    14.    On or about November 27th, Plaintiffs received the monthly
18 billing statement claiming the amount due to be $6595.06, late charges
19 $395.70, total due $6990.76. Then on or about November 29th, Plaintiffs
20 received a 'Notice of Default" stating that the loan was in default and that a
21 total of $6197.93 was past due, which included November's payment of
22 $3297.53, late charges of $395.70 and a "Corporate Advance Fee" of
23 $2504.70.

24    15.    Alarmed by Bayview's tactics, Plaintiffs checked their credit
25 rating with TransUnion which showed that Bayview had never corrected the
26 negative credit reporting against Plaintiffs for the period of January 2009
27 through June 2010, as required by the terms of the first settlement
28 agreement.   In fact, Bayview is responsible for a string of false, negative

-6-

1 credit reports, the terms of both settlement agreements notwithstanding.

2       16.   On or about December 11th, Plaintiffs received an "Important

3 Notice" from Bayview claiming the loan was past due. Bayview expressed

4 a desire to communicate with Plaintiffs about "possible alternatives." The

5 letter also claimed that Bayview had made attempts to contact Plaintiffs by

6 phone, despite the fact that Plaintiffs' records reveal no such attempts on

7 the defendant's part.

8       17.   Then on 12-11-14, Plaintiff's were advised that the account had

9 received another "returned wire," from Bayview, in the amount of $3297.53.

10 Apparently Bayview was not accepting the regular mortgage payments

11 unless Plaintiffs chose to pay the unauthorized assessed late charges and

12 "Corporate Advance Fees."

13       18.   Subsequently, there was another "Delinquency Notice" dated

14 12-23-14 and another "Notice of Default" dated December 29th 2014,

15 claiming that $6,395.78 was past due.

16       19.   In response on January 20th 2015, Plaintiffs sent a NOTICE to

17 Bayview demanding that all unauthorized fees be removed and that their

18 credit rating be restored. This demand was sent via certified mail and gave

19 Bayview 10 days to respond. Bayview never did. See attached Notice.

20 Exhibit 6.

21       20.   Plaintiffs continued to make timely regular monthly payments of

22 $3297.53, via wire transfer. Then on or about 1/24/15, Plaintiffs received

23 another **"Delinquency Notice"** dated 1/23/15, claiming that $9891.16 was

24 past due.

25       21.   On or about 1/25/15, another "Monthly Billing Statement" by

26 Bayview, dated 1/23/15, claimed that payments due totaled $9892.59 and

27 late charges were $791.40

28       22.   Then on or about 2/08/15 Plaintiffs received another

1  **"Important Notice"** from Bayview, dated 2/06/15, stating the "loan
2  payment was past due and they would see what they could do to help."
3  However, there was never a response to Plaintiffs' **"Notice"** of 1/20/15.
4      23.   On 2/13/15 Plaintiffs' bank showed another "returned wire" in
5  the amount of $3297.53. Still Plaintiffs continued to make timely regular
6  mortgage payments.  Then on or about 2/25/15 Plaintiffs received another
7  **"Important Notice"** from Bayview, dated 2/23/15, stating "the loan
8  payment was past due and they would see if there is any way they could
9  help." This was followed by another "Delinquency Notice" from Bayview,
10  dated 2/24/15, claiming that $13,386.54 was past due.
11      24.   Plaintiffs then again checked their credit scores following their
12  Notice to Bayview, of January 20th 2015.  The report showed incorrect
13  negative credit reporting by Bayview and continued negative credit
14  reporting.
15      25.   On 3/18/15, Plaintiffs  sent a second notice to Bayview requesting
16  correction of the mortgage status, their payment history and their credit
17  scores.  Additionally, they also sought removal of all unauthorized and
18  inappropriate fees.  There was no response from Bayview.  See attached
19  notice.  Exhibit 7,
20      26.  On March 11, 2015, defendants sent a Notice of Default alleging
21  that payments for January and February were in default.  Late charges in
22  the amount of $989.25, with a "Corporate Advance Fee" of $2504.70,
23  brought the "total past due" to $10, 089.01.
24      27.   Following Plaintiff's timely March payment *via* wire transfer,
25  Bayview sent another "Delinquency Notice" claiming a past due amount of
26  $ $13, 584.39.  The one day later on March 25th, Bayview sent another
27  "Notice" adjusting the amount owed to $10, 286.86.  An additional late fee
28  charge of $203.75 had been added.

-8-

28.  Then one day later on the 26th, sent another monthly statement demanding payment in the amount of $11, 079.69.

29.  On April 21st, there was another default notice in the amount of $10, 286.86.

30.  On April 23rd, Bayview sent a "Delinquency Notice" in the amount of $10,484.71 **AND**    "Notices of Default" claiming an amount owed of $10, 286.86.

## FIRST CAUSE OF ACTION

### Breach of Contract

31.    Plaintiffs refer to and incorporate by reference as if fully set forth, the allegations and Exhibits from paragraphs 1 though 30, as if fully set forth.

32.    Defendant Bayview has breached ¶ 5 (page 3) of the original agreement of 2010 by virtue of its failure to provide regular, timely and accurate monthly accountings of the Plaintiffs' ongoing obligations.

33.    Bayview continues to allow and support the fiction that the Plaintiffs are behind in their payments, that the status of the loan is other than "paid as agreed" and  has failed to correct the derogatory and inaccurate information it caused to be filed with the various credit bureaus.

34.    Defendant has breached ¶ 8a on page 3 by failing to provide Plaintiffs with any documentation establishing that Bayview is a holder in due course, and thereby authorized to demand and accept monthly payments in satisfaction of the loan agreement.

35.    Defendants have breached this same section by continuing to issue default/late notices despite the fact that the Plaintiffs were timely and complete in their payments.

36.    Bayview has also breached the section with its insistence upon threatening foreclosure action, despite the fact that the account is and always has been in a "paid as agreed" posture.

37.    By breaching ¶ 5 of page 3, defendant Bayview has demonstrated  wilful contempt for both the spirit and the letter of the original agreement.  This contempt is amply demonstrated by its ongoing attempts to extort additional funds from the Plaintiffs though intimidation, and threat of foreclosure.

38.    Defendant Bayview breached ¶ C of page 1 of the second agreement of 2013 by :

    A.    Again failing to provide timely and accurate accounting statements.

    B.    Improperly imposing default fees when payments were timely and correct.

    C.    Wrongfully charging increased principal and interest fees.

    D.    And assessing late fees which were not owed or authorized by the loan agreement.

39.    Bayview has breached the terms of the 2013 agreement (page 2, ¶ 2) by repeatedly failing to send timely and accurate statements of monthly payments due, as required by the settlement agreement.  This appears to be the "foundation stone" upon which the defendant mounted its confiscatory and extortionate demands for fees not due it, as there were actually no arrearages.

WHEREFORE, Plaintiffs pray for judgment against the Defendant as set forth below.

## SECOND CAUSE OF ACTION

Deliberate Misrepresentation/Deceit

(California Civil Code § 1710)

-10-

1     40.   Plaintiffs refer to and incorporate paragraphs 1-39 of this

2 Complaint.

3     41.   Bayview deliberately deceived the Plaintiffs and misrepresented

4 its intentions as expressed in the settlement agreements when it continued

5 to (a.) mail untimely and inaccurate monthly statements; (b.) by continuing

6 to impose fraudulent and fictitious late charges and default fees; (c) by

7 charging fees not allowed by the terms of the loan document, and (d.) by

8 threatening the initiation of foreclosure, all the while knowing that the account

9 was in a "paid as agreed" status.

10     42.   Bayview knew or should have known that it's actions were in direct

11 and repeated contradiction to both of the settlement agreements it had

12 endorsed.

13     43.   Bayview knew or should have known that the Plaintiffs would rely

14 upon the promises made in those settlement agreements.

15     44.   Plaintiffs' reliance upon the promises made them by Bayview led

16 directly to financial loss and the deliberate infliction of emotional distress, in

17 amounts to be proven at trial.

18     WHEREFORE, Plaintiffs pray for judgment against the Defendant as set

19 forth below

20                     **THIRD CAUSE OF ACTION**

21                      Fraud/Concealment

22     45.   Plaintiffs refer to and incorporate paragraphs 1-44 of this

23 Complaint.

24     46.   Bayview committed fraud and concealment when it entered into

25 the settlement agreements with the Plaintiffs in return for dismissal with

26 prejudice of the lawsuit. Thus there was fraud in the inducement because:

27 (a.) Bayview continued to mail Plaintiffs untimely and inaccurate monthly

28 statements; (b.) continued to dun the Plaintiffs for late charges and fees

-11-

1  for which they were not liable; (c.) continued to threaten the initiation of a

2  foreclosure action, despite the fact that the Plaintiffs had abided by the

3  loan agreement in every relevant particular.

4      47.   At all relevant times, Bayview was aware or should have been

5  that it had signed not one but two contracts with the Plaintiffs in which they

6  had promised NOT to do the very things they had been caught doing

7  before.

8      48.   Bayview knew or should have known that the Plaintiffs had no

9  alternative but to rely on the representations the defendant had made in

10  those settlement agreements and that it was in that belief that the Plaintiffs

11  had agreed to the settlement in the first place.

12      49.   Having induced the Plaintiffs to dismiss their lawsuit with

13  prejudice in return for a "settlement," Bayview deliberately continued to

14  drain the Plaintiffs' funds with false billing practices, while refusing to

15  communicate with them as they tried to communicate with the defendants

16  about the problems they were experiencing.

17      50.   Plaintiffs relied upon Bayview to their financial and emotional

18  detriment.

19      51.   As the direct and proximate cause of Bayview's deliberate,

20  repetitive and malicious business practices, Plaintiffs have suffered

21  financial and emotional damages in amounts to be proven at trial.

22  Because the misdeeds were calculated, deliberate and numerous,

23  Plaintiffs are entitled to exemplary damages in an amount to be proven at

24  trial.

25      WHEREFORE, Plaintiffs pray for judgment against the Defendant as

26  set forth below

27             **FOURTH CAUSE OF ACTION**

28          Mail Fraud (8 U.S. Code § 1341 - Frauds and swindles)

1    52.    Plaintiffs refer to and incorporate paragraphs 1-51 of this
2  Complaint.

3    53. Defendant Bayview knew or should have known that using the
4  United States Postal Service to facilitate its unlawful and deceptive
5  business practices constituted a separate violation of federal law, per each
6  occurrence. Every time the defendant (a.) sent a demand for payment
7  which Bayview knew or should have known was incorrect and not owed, a
8  crime was committed;(b.) every time Bayview dunned the Plaintiffs for fees
9  and interest not owed, the defendants broke the law; (c.) every time the
10 defendant threatened to initiate foreclosure proceedings, a separate
11 violation was committed.

12    54.    Bayview's pattern and practice of using the mail system to
13 extort, intimidate and plunder the Plaintiffs was a proximate and direct
14 cause of their financial distress and their emotional pain, in an amount to
15 be proven at trial.

16    WHEREFORE, Plaintiffs pray for judgment against the Defendant as
17 set forth below

18                **FIFTH CAUSE OF ACTION**
19                      Unfair Practices

20    55.    Plaintiffs refer to and incorporate paragraphs 1-54 of this
21 Complaint.

22    56.    As a "debt collector," Bayview violated 15 USC 1692(e) when it
23 repeatedly misrepresented the amounts owed, or the "past due" status of
24 the account or when it suggested that foreclosure was an option open to
25 the defendant.

26    57.    By dunning the Plaintiffs for fees and interest that Bayview
27 knew were not owed, the defendant violated 15 U.S.C. §1692(f), especially
28

-13-

1   since neither the loan agreement nor the law allowed the company to
2   demand such payments.

3     58. In the same way, threatening foreclosure in a situation in which
4   the borrower's account is actually up to date, is a separate violation of
5   federal law which Bayview either knew or should have known.

6     WHEREFORE, Plaintiffs pray for judgment against the Defendant as
7   set forth below

8

9          **SIXTH CAUSE OF ACTION**

10           Wire Fraud

11    59. Plaintiffs refer to and incorporate paragraphs 1-58 of this
12  Complaint.

13    60. Each time the defendant returned Plaintiffs wire transfer, despite
14  the timeliness and accuracy of the instrument, Bayview violated 18U.S.C.
15  §1343, because it sought to bill for fees and costs not owed, while extorting
16  additional sums (*i.e.* "Corporate Advance Fees") from the defendants under
17  threat of acceleration of the loan agreement and ultimate foreclosure.

18    WHEREFORE, Plaintiffs pray for judgment against the Defendant as set
19  forth below

20

21           **VERIFICATION**

22  I declare under penalty of perjury under the laws of the State of California that
23  the foregoing is true and correct.

24

25

26  Dated: May /3, 2015     Gail Bennett-Wofford, Plaintiff
27

28

WHEREFORE, Plaintiffs pray for judgment as follows:

PRAYER

1.    In actual and economic damages as will be demonstrated during trial.

2.    For exemplary damages in an amount to be shown according to proof.

3.    For attorney's fees as provided for by the settlement agreements.

4.    For all such other and further relief as the court may deem just and proper.

Dated: May 3rd, 2015

by: Gail Bennett-Wofford

by: Dana Wofford

by: Mark Bennett