1  Gail Bennett-Wofford
2  Dana Wofford
   Mark Wofford
3  3344 & 3345 Lakeshore Blvd.
   Lakeport, California 95453
4  (707) 275=2758 (v)
   (707) 2752758 (f) Call first
5  email: dgwofford@netzero.com

6  Plaintiffs *in pro se*



FILED

2015 NOV -3  P 3: 20

SUSAH Y. SOONG
CLERK, US DISTRICT COURT
NO. DIST. OF CA

7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT IF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

12  Gail Bennett-Wofford, Dana Wofford      ) Case Number 15-cv-2445-CRB,
    and Mark Wofford, all individuals,      )
13                                          ) Complaint Filed: June 2, 2015
                 Plaintiffs                 )
14                                          ) Plaintiff's Opposition to Defendant's
         vs.                                ) Motion to Dismiss, Request for
15                                          ) Leave to dismiss Counts 3 & 4,
    BAYVIEW LOAN SERVICING, LLC, a          ) and Request for Leave to Amend
16  Delaware limited liability company, and )
    DOES 1-20, inclusive,                   ) Date: November 20, 2015
17                                          ) Time: 10:00 a.m.
                 Defendants.                ) CTRM: 6
18  _____)

19                            PREFACE

20      Defendant Bayview has filed and served an overarching series of

21  objections to the instant Complaint, some of which are meritorious and at

22  least one of which is fraudulent.  Plaintiffs have therefore chosen to address

23  the 12(b)(6) motion non-sequentially in order that the Court may have an

24  opportunity to view the issues from a convenient perspective.

25                              I.

26  REQUEST FOR LEAVE TO DISMISS COUNTS THREE AND FOUR.

27      Defendant argues at 9, 15-10:18 that there is no private right of action

28  with respect to Plaintiffs' claims of mail and wire fraud.   Subsequent

1  investigation corroborates that position.    It appears that the appropriate
2  remedy is a formal complaint to the United States Postal Service, United
3  States Postal Inspection Unit, whose mission it is to investigate allegations of
4  mail fraud.  It also develops that it is the responsibility of the Federal Trade
5  Commission  to  investigate  matters  concerning  wire  fraud.    We  stand
6  corrected.

7  Plaintiffs apologize to the Court and to counsel for the error and seek
8  leave to dismiss these two counts, forthwith.

9  II.

10  COUNSEL'S CLAIM THAT BAYVIEW IS NOT A DEBT COLLECTOR IS
11  SPURIOUS.

12  Bayview's motion consumes the better part of four pages (10, 19-13:15)
13  all the while proclaiming that the corporation is NOT a debt collector.
14  Opinions vary but perhaps Exhibit 1 will lay that issue to rest.

15  III.

16  CONTRACTUAL BREACHES.

17  A.    TWO CONTRACTS, ONE CLAIM.

18  "It is well settled that a demurrer (the state court's
19  functional  equivalent  of  a  "motion  to  dismiss")  is
20  proper when allegations of multiple contracts within a
21  single  cause  of  action  cause  uncertainty.     See
22  *Leader v. Health Industries America, Inc,* 89
23  Cal.App.603, at 608 (2001)."  Motion to Dismiss, 5,
24  14-18.

25  But upon investigation it appears that counsel's reliance on *Leader* is
26  inapposite at best, and misleading at worst:

27  "Following remand, plaintiffs filed a third amended
28  complaint. Again defendants successfully demurred.

Defendants' Opposition to Motion to Dismiss       -2-

1
2
3
4
5
6
7
8

The trial court sustained defendants' special demurrer for uncertainty to the first cause of action (breach of contract), finding the allegations of multiple contracts within a single cause of action rendered the pleading uncertain **as to the identity of the parties to and the operative terms of the various agreements, and as to whether those agreements were written, verbal or implied in fact or law. fn. 4. E**mphasis added.

9   In the instant case, it is clear that the contracts were verbal as opposed
10  to oral, attached in their entirety to the Complaint and that the parties were
11  clearly named and known to each other.  We note parenthetically that Mr.
12  Edward Schloss' signature appears on both contracts.

13  So where is the uncertainty to be found?  The motion insists that the
14  inclusion of two contracts and references to both within a single claim renders
15  him unable to make heads or tails of what it is the Complaint alleges.
16  Plaintiffs respectfully disagree.

17  The reasons for the manner in which the facts were pled was set forth
18  in the Complaint at page 3, 6-19, with the second paragraph making the point:

19
20
21
22
23
24
25
26
27
28

"Stated differently, the allegations set forth in Case No. CV 09 6016 JCS (Exhibit 1) and its subsequent settlement agreement (Exhibit 2; CV 12 4167 NJV (Exhibit 3), and its subsequent settlement agreement (Exhibit 4) are precisely the acts complained of in this third litigation.  As hard as it may be to believe, Bayview has twice before done wrong, paid the Plaintiffs' attorney fees, and agreed to cease and desist without, of course, actually admitting responsibility.  So egregiously arrogant was this

1    corporation that they actually threatened foreclosure

2    while in the midst of negotiating a settlement

3    agreement in 2013

4    And yet, here we are again..."

5    So Plaintiffs insist that Bayview is a serial breacher who seems unable

6 or unwilling to abide by the terms of a contract which calls for nothing more

7 complex than fair dealing.  If the Court determines that the method of

8 expression has created uncertainty, Plaintiffs will gladly make any needed

9 corrections or improvements.  But at this juncture, it seems that Bayview's

10 problem is not an inability to understand the Complaint...just the opposite.

11 B.    PERFORMANCE.

12    "Irrespective of specifically which contracts Plaintiffs

13    claim was (sic) breached by Bayview, (which is

14    certainly "uncertain" by the four corners of the

15    Complaint) what is certain is that Plaintiffs have failed

16    to allege their performance or excuse for non-

17    performance."  Motion, 6, 1-6.

18    Since the terms of both contracts impose duties upon Bayview but not

19 the Plaintiffs, it is difficult to understand what counsel means to suggest.

20 Performance obligations rested with Bayview alone.

21 C.    DATES OF BREACHES.

22    By limiting its attention to paragraphs 32-39, Bayview conveniently

23 overlooks the fact that the answers to those questions may be found in the

24 foregoing paragraphs, each numbered and incorporated by reference.

25 D.    TO BREACH OR NOT TO BREACH.

26    Plaintiffs freely acknowledge that as *pro se* litigants, their knowledge

27 and legal acumen pales as compared with counsel's.  However, respectfully,

28 it seems that Bayview has chosen to turn a blind eye and a deaf ear to

1 | allegations which seem to them to have been drawn with specificity, clarity
2 | and accuracy. Should the Court disagree, adjustments will be made.

3 | ## IV. FRAUD.

4 | Defendant Bayview has made it abundantly clear that it finds the
5 | Complaint to be entirely lacking in merit and deserving of only a good swift
6 | kick into the middle of Union Square. Perhaps. But Bayview's
7 | representations to the Court (see Exhibit 1 and the citation to the *Leader*
8 | *case) give the Plaintiffs pause to question the* sincerity of its positions.

9 | The settlement contracts attached as Exhibits to the Complaint speak
10 | for themselves. Bayview settled because Bayview had done wrong. In each
11 | of the cases, the Defendant continued to misbehave even after having signed
12 | the agreements pledging to stop.

13 | Litigation ceased, money changed hands and the Plaintiffs continued
14 | to pay the note. That was detrimental reliance as Bayview clearly had no
15 | intention of mending its ways and indeed, seems to be walking that same path
16 | even now.

17 | ## V. LEAVE TO AMEND.

18 | Plaintiffs respectfully request that the Court grant leave to amend, in the
19 | event that it agrees with any of Bayview's objections.

20 |
21 | ///
22 |
23 |
24 | ///
25 |
26 |
27 | ///
28 |

Defendants' Opposition to Motion to Dismiss      -5-

1

## VI.  CONCLUSION.

2    As the Complaint makes clear, this Defendant has demonstrated a clear

3  pattern and practice of skulduggery.  It signs settlement agreements and then

4  reverts to the very same behavior which created the problem in the first place.

5  If Bayview sincerely finds the allegations difficult to comprehend

6  (doubtful!) then perhaps a mending of their ways would make life simpler for

7  all and would not necessitate clogging the Court's calendar with business that

8  adults should be able to handle privately and honorably.

9    Meanwhile, the Plaintiffs request that the Court deny the Defendant's

10  12(b)(6) motion to dismiss and require that Bayview answer the verified

11  Complaint.

12

13  Dated:  *10 - 30* - 2015

Gail Bennett-Wofford

14

15

Dana Wofford

16

17

18

Mark Bennett

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 1**

Defendants' Opposition to Motion to Dismiss      -7-



Bayview Loan Servicing, LLC
4425 Ponce de Leon Blvd. 5th Floor
Coral Gables, FL  33146



August 24, 2015

**Borrower:**                                          **Loan Number:** 200053352

MARK BENNETT, DARRELL R WOFFORD, KAREN   **Property Address:** 3345 LAKESHORE BOULEVARD
K WOFFORD, DANA  WOFFORD and GAIL                       LAKEPORT, CA  95453-0000
WOFFORD
10517 EAST ROAD
WITTER SPRINGS, CA  95493

RE:  Notice of acceptance of funds with full **reservation of rights** and remedies and **continuing effectiveness**
**of notice of default**

Dear MARK  BENNETT, DARRELL R WOFFORD, KAREN K WOFFORD, DANA  WOFFORD and GAIL
WOFFORD :

You recently sent a payment in the amount of  $3,297.53  for the referenced loan. This letter acknowledges
receipt of your payment and in accordance with the terms of the legal documents, these funds have been
applied pursuant to the loan documents. The funds will be applied to your loan at the Lender's discretion. So
there is no misunderstanding, we emphasize this amount does not cure the default pursuant to the loan
documents.

Our acceptance and/or application of these funds does not constitute a waiver of right of  Bayview Loan
Servicing, LLC to accelerate the loan and to foreclose on the property. We are still continuing with legal action at
this time. Your loan remains delinquent.

With the exception of a full reinstatement at Lender's sole discretion, or payment in full of the outstanding
obligation now due under the loan, all further payments received by Lender shall also be accepted with full
reservation of Lender's rights and remedies and shall not constitute a cure of Borrower's existing loan default or
defaults.

**To reinstate your loan**

To receive a statement setting forth the amounts necessary to reinstate the loan subject to Lender's discretion,
please provide the undersigned with:

- A written request for such a statement
- An anticipated date of reinstatement

Sincerely,

*Paul Katen*

Paul Katen, Asset Manager
Bayview Loan Servicing, LLC
Phone Number:  (800) 771-0225 Monday - Friday 9:00 a.m. - 6:00 p.m., ET
Fax Number:      (786) 470-3573

---

**You Have Options**

If you're experiencing economic hardship, we may be able to help. There are solutions available as
alternatives to foreclosure. To discuss your situation and explore your options, call our dedicated trained
staff at 1-800-771-0299, Monday - Friday 8:00 am to midnight ET; Saturday 8:00 am to 5:00 pm ET.

---

Bayview Loan Servicing, LLC is a debt collector. This letter is an attempt to collect a debt and any information obtained will be used for that purpose. To the extent that your obligation has been discharged or is subject to an automatic stay of bankruptcy this notice is for compliance and informational purposes only and does not constitute a demand for payment or any attempt to collect such obligation.

The following mailing address must be used for all Error Notices & Information Requests: Bayview Loan Servicing, LLC, Customer Support, 4425 Ponce de Leon Boulevard, 5th Floor, Coral Gables, FL 33146.

